UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANAL INDEMNITY COMPANY, a foreign corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAIR HOMES, INC., a Washington corporation; DANIEL PEARSON and TAMMY PEARSON, husband and wife; and K.P., an individual child minor, through his parents, DANIEL PEARSON and TAMMY PEARSON, husband and wife,<br><br>    Defendant. | Case No. C09-5561 FDB<br><br>ORDER DENYING ADAIR HOMES' MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY AND INDISPENSABLE PARTIES |

    This matter comes before the Court on Defendant Adair Homes, Inc's motion to dismiss this declaratory judgment action for failure to join necessary and indispensable parties. The Court, having reviewed the motion, response, reply and the remaining record, is fully informed and hereby denies the motion to dismiss.

ORDER - 1

**Introduction and Background**

This is a declaratory judgment action filed by Canal Indemnity Company to determine whether two commercial general liability policies it issued to Adair Homes, Inc., a construction company, provide coverage for claims made by the Pearsons against Adair Homes for faulty construction that allegedly led to water intrusion, property damage and bodily injury claims based on alleged exposure to mold.

Canal Indemnity issued two commercial general liability policies to defendant Adair Homes: Policy No. CGL014184, which was in effect from December 15, 2001 to December 15, 2002, and Policy No. CGL018306, which was in effect from December 15, 2002 to December 15, 2003. Canal Indemnity is providing a defense for Adair Homes in the Pearsons litigation under reservation of rights.

Adair Homes built a house for Defendants Daniel and Tammy Pearson in Rochester, Thurston County, Washington. After moving into the home, Daniel and Tammy Pearson, individually and on behalf of their minor son, K.P., asserted claims against Adair Homes, alleging bodily injury due to mold exposure and property damage as a result of Adair Homes' work in constructing the home. The Pearsons filed two separate lawsuits, one by the parents in 2003 and a second on behalf of their minor son in 2006. The two cases were subsequently consolidated under Thurston County Superior Court Cause No. 06-2-00080-1. On April 24, 2006, the Pearsons filed an Amended Complaint in the consolidated Pearson lawsuit.

Adair Homes filed an answer in the consolidated Pearson lawsuit, generally denying the allegations, and filed a third-party complaint against GEM Construction (GEM), which was allegedly responsible for framing the house, and installing and sealing the windows. GEM is a sole proprietorship and a Washington resident. GEM notified its three insurers of the Pearsons' claims and the possible indemnification obligations of GEM to Adair Homes. These three carriers are Contractors Bonding and Insurance Co., a Washington resident; Maryland Casualty Co., a

ORDER - 2

Maryland and Illinois resident; and Atlantic Casualty Insurance Co., a North Carolina resident.

In this motion, Adair Homes asserts that it cannot obtain complete and adequate adjudication of the insurance coverage potentially available to it for the Pearsons' claims unless GEM and its three insurance companies are joined as parties in this declaratory judgment action because they are necessary parties under Fed. R. Civ. P. 19(a). However, one of the insurance companies is non-diverse, and joining it would destroy diversity and preclude subject-matter jurisdiction. Fed. R. Civ. P. 19(b). Accordingly, Adair Homes requests this Court dismiss this action for failure to join necessary and indispensable parties, leaving Canal Indemnity free to pursue this action against all parties in state court.

**Rule 12(b)(7)**

Adair Homes moves to dismiss the case pursuant to Fed. R. Civ. P.12(b)(7). The thrust of Adair Homes' motion is that Canal Indemnity has failed to join necessary parties, particularly Contractors Bonding and Insurance Company. Joining these parties would destroy subject matter jurisdiction.

Fed. R. Civ. P. 12(b)(7) provides that an action may be dismissed for failure to join a party under Fed. R. Civ. P. 19. In order to determine whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside of the pleadings. McShan v. Sherrill, 283 F.2d 462, 464 (9th Cir. 1960). With respect to motions under Rule 12(b)(7), "[t]he moving party has the burden of persuasion in arguing for dismissal." Makah Indian Tribe v. Verity, 910 F.2d 555, 558 (9th Cir. 1990).

**Rule 19 Joinder of Necessary Parties**

Fed. R. Civ. P. 19 governs the joinder of parties necessary for the Court to provide complete relief. Determining whether a party is necessary and indispensable under Rule 19 involves a three-step inquiry. EEOC v. Peabody W. Coal Co., 400 F.3d 774, 779 (9th Cir. 2005). First, under

ORDER - 3

Rule 19(a)[1] the court determines whether a party is necessary. Id. Absentees whom it is desirable to join under Rule 19(a) are persons having an interest in the controversy, and who ought to be made parties, in order that the court may act. Id. In other words, the court "must determine whether the absent party has a legally protected interest in the suit," and, if so, whether "that interest will be impaired or impeded by the suit." Makah Indian Tribe, 910 F.2d at 558.

If the court finds that the absent party is a necessary party, the court must then determine whether joinder of the party is feasible. Id. Rule 19(a) sets forth three circumstances in which joinder is not feasible: (1) when venue is improper; (2) when the absentee is not subject to personal jurisdiction; and (3), when joinder would destroy subject matter jurisdiction. Fed. R. Civ. P. 19(a); Peabody W. Coal, 400 F.3d at 779.

//
//
//
//
//

---

[1] Rule 19(a) provides:
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

ORDER - 4

Finally, if joinder is not feasible, the court determines under Rule 19(b)[2] whether the case can proceed without the absent party or whether the absent party is an "indispensable" party such that the court must dismiss the action. Id. A party is indispensable under Rule 19(b) if in "equity and good conscience" the court should not allow the action to proceed in its absence. Fed. R. Civ. P. 19(b); Dawavendewa v. Salt River Project Agric. Imp. & Power Dist., 276 F.3d 1150, 1161 (9th Cir. 2002). The factors to be considered under Rule 19(b) are: (1) the extent a judgment rendered in the person's absence might prejudice that person or other parties; (2) the extent to which prejudice could be lessened or avoided; (3) whether a judgment rendered in the person's absence will be adequate; and (4) whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder. "The inquiry is a practical one and fact specific, and is designed to avoid the harsh results of rigid application." Makah Indian Tribe, 910 F.2d at 558.

Adair Homes argues that "complete relief" cannot be accorded without joining GEM and its insurers, because GEM's insurance is a "major asset" that might be available to satisfy Adair's

---

[2] Rule 19(b) provides:
If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

(A) protective provisions in the judgment;

(B) shaping the relief; or

(C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

ORDER - 5

indemnity claim against GEM and any potential subrogation claims Canal may have with respect to the Pearson litigation. In other words, Adair Homes contends that GEM and its insurers are necessary parties to the declaratory judgment action because the insurance contract between GEM and its carriers may be implicated by this Court's decision on the scope of the insurance contract between Adair Homes and Canal Indemnity.

This Court is unpersuaded that GEM and its insurance carriers are necessary parties to the instant action. Rule 19(a)(1)(A) provides that a party is necessary if, in that party's absence, "the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). In this case, the Court finds that complete declaratory relief (i.e., a statement of Canal Indemnity's contractual duty to defend and/or indemnify Adair Homes) can be accorded without GEM and its insurers' presence.

In the first instance, the types of liability claimed by Adair Homes are distinctly different as between Canal Indemnity and GEM and its insurance coverage. Canal Indemnity is Adair Homes' direct insurer. As such, the issues of coverage duties are relatively straightforward under the contract. In contrast, Adair Homes only asserts that GEM's insurers may have a duty to defend and/or indemnify through GEM. In other words, Adair Homes seeks coverage from GEM's insurance as an "additional insured" under GEM's policies of insurance, not as the direct policyholder. Therefore, Adair Homes is only a third party claimant as to the insurance policies issued to GEM. At best, GEM's insurance policies possibly provide coverage for GEM for its alleged indemnity obligation to Adair Homes with respect to the Pearson claims. Therefore, the relationships between Adair Homes and Canal Indemnity, on the one hand, and Adair Homes and GEM, on the other, are obviously very different and implicate different provisions of different insurance contracts between different parties.

The Court also disagrees with Adair Homes that a decision on the scope of Canal Indemnity's direct coverage would necessarily implicate the scope of coverage under GEM's

ORDER - 6

insurance contracts. The nature of Adair Homes' theories of liability are inherently different. There is no reason to believe at this stage of litigation that ruling on Canal Indemnity's duty to defend and/or indemnify Adair Homes would have any impact or overlap with another court's subsequent decision on GEM and its insurance carriers' duty to Adair Homes.

Joinder under Rule 19(a)(1)(B) is contingent upon an initial requirement that the absent party claim a legally-protected interest relating to the subject matter of the action, and where a party is aware of an action and chooses not to claim an interest, the district court does not err by holding that joinder is unnecessary. Altmann v. Republic of Aus., 317 F.3d 954, 971 (9th Cir. 2002); Fed. Deposit Ins. Corp. v. County of Orange, 262 F.3d 1014, 1023 (9th Cir. 2001).

In this case, GEM is almost certainly aware of the instant declaratory judgment action and yet has not asserted its own interest herein. It is not necessary, therefore, under the circumstances to require the joinder of GEM and its insurance carriers.

Additionally, a decision on Canal Indemnity's duty under its contract of insurance with Adair Homes has no bearing on a decision regarding GEM's insurance carriers' obligations under their policies with GEM. If these carriers institute a declaratory judgment action against GEM and Adair Homes in state court, that claim would not involve any allegation regarding Canal Indemnity's direct duty pursuant to its contracts with Adair Homes. As such, there is no risk of conflicting outcomes. Adair Homes is only directly insured by one insurer: Canal Indemnity. Although Adair Homes contends that GEM's carriers may have a duty to defend and/or indemnify through its subcontractor, GEM, there exists no direct obligation as is typically found with a primary insurer. Simply stated, GEM and its insurance carriers have no independent, legally protected right at stake in this proceeding to determine the rights of Adair Homes under insurance policies issued by Canal Indemnity. The requisites of Rule 19(a)(1)(B) are absent.

ORDER - 7

**Conclusion**

In conclusion, the Court finds that Adair Homes has failed to meet its burden to demonstrate that GEM and its insurance carriers are necessary parties under Rule 19(a). As such, there is no remaining issue with diversity jurisdiction and the Court denies Adair Homes' motion to dismiss under Fed. R. Civ. P. 19.

ACCORDINGLY;

IT IS ORDERED

Adair Homes' Motion to Dismiss for Failure to Join Necessary and Indispensable Parties [Dkt. # 16] is **DENIED**.

DATED this 4th day of January, 2010.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

ORDER - 8