UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANAL INDEMNITY COMPANY, a foreign corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>ADAIR HOMES, INC., a Washington corporation; DANIEL PEARSON and TAMMY PEARSON, husband and wife; and K.P., an individual child minor, through his parents, Daniel Pearson and Tammy Pearson, husband and wife,<br><br>    Defendant. | Case No. C09-5561BHS<br><br>ORDER DENYING ADAIR HOMES' MOTION TO DISMISS OR STAY DECLARATORY JUDGMENT ACTION |

This matter comes before the Court on Defendant Adair Homes, Inc's ("Adair Homes") motion to dismiss or stay this declaratory judgment action. Dkt. 46. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and denies the motion to dismiss or stay the proceeding as discussed herein.

ORDER - 1

## I. INTRODUCTION AND BACKGROUND[1]

This is a declaratory judgment action filed by Canal Indemnity Company ("Canal") to determine whether two commercial general liability policies it issued to Adair Homes, a construction company, provide coverage for claims made by Defendants Daniel and Tammy Pearson ("the Pearsons") against Adair Homes for faulty construction that allegedly led to water intrusion, property damage and bodily injury claims based on alleged exposure to mold.

Canal issued two commercial general liability policies to Adair Homes: Policy No. CGL014184, which was in effect from December 15, 2001 to December 15, 2002, and Policy No. CGL018306, which was in effect from December 15, 2002 to December 15, 2003. Canal is providing a defense for Adair Homes in the Pearsons' litigation under reservation of rights.

Adair Homes built a house for the Pearsons in Rochester, Thurston County, Washington. After moving into the home, the Pearsons, individually and on behalf of their minor son, K.P., asserted claims against Adair Homes, alleging bodily injury due to mold exposure and property damage as a result of Adair Homes' work in constructing the home. The Pearsons filed two separate lawsuits, one by the parents in 2003, and a second on behalf of their minor son in 2006. The two cases were subsequently consolidated under Thurston County Superior Court Cause No. 06-2-00080-1. On April 24, 2006, the Pearsons filed an amended complaint in the consolidated Pearson lawsuit.

Adair Homes filed an answer in the consolidated Pearson lawsuit, generally denying the allegations, and filed a third-party complaint against GEM Construction ("GEM"),

---

[1] This Court entered a previous order denying Defendant Adair Homes' motion to dismiss for failure to join necessary and indispensable parties. Dkt. 29. The statement of facts contained therein is adopted herein by reference.

ORDER - 2

1  which was allegedly responsible for framing the house and installing and sealing the

2  windows. GEM notified its three insurers of the Pearsons' claims and the possible

3  indemnification obligations of GEM to Adair Homes. These three carriers are Contractors

4  Bonding and Insurance Co., Maryland Casualty Co., and Atlantic Casualty Insurance Co.

5  Atlantic Casualty Insurance Co. filed a declaratory judgment action in Thurston

6  County Superior Court seeking a determination that it has no duty to defend or indemnify

7  GEM against the Pearson claims.

8  Adair Homes asserts that this Court should dismiss Canal's declaratory judgment

9  action or stay the proceeding because this action involves only state law issues, the state

10 court proceedings are parallel, and the fact-determining underlying liability case is pending

11 in state court. Canal refutes these arguments.

## II. STANDARDS FOR STAY OR DISMISSAL OF DECLARATORY JUDGMENT ACTION

District courts have "unique and substantial" discretion in determining whether to entertain declaratory relief actions under the Declaratory Judgment Act, 28 U.S.C. § 2201(a). *Wilton v. Seven Falls Co.,* 515 U.S. 277, 286 (1995). A lawsuit seeking federal declaratory relief must first present an actual case or controversy within the meaning of Article III, section 2 of the United States Constitution. It must also fulfill statutory jurisdictional prerequisites. If the suit passes constitutional and statutory muster, the district court must also be satisfied that entertaining the action is appropriate. This determination is discretionary, since the Declaratory Judgment Act is deliberately cast in terms of permissive, rather than mandatory, authority. *Government Employees Ins. Co. v. Dizol*, 133 F.3d 1220, 1226-27 (9th Cir. 1998).

The Ninth Circuit has consistently held that a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and

ORDER - 3

controversy requirement. A case or controversy is found when an insurer brings a declaratory judgment action regarding its duty to defend and indemnify. *See, e.g.*, *Dizol*, at 1222 n.2; *American States Ins. Co. v. Kearns*, 15 F.3d 142, 144 (9th Cir. 1994). Such is the case here. Jurisdictional requirements are also met because there is complete diversity between the parties and the amount in controversy is more than $75,000. Thus, statutory jurisdiction is proper under 28 U.S.C. § 1332(a).

In determining whether entertaining the action is appropriate, the factors from *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491 (1942), "remain the philosophic touchstone for the district court." *Dizol*, at 1220. They are: (1) avoiding needless determinations of state law issues; (2) discouraging litigants from filing declaratory actions as a means of forum shopping; and (3) avoiding duplicative litigation. In addition, other considerations may be relevant: (1) whether the declaratory action will settle all aspects of the controversy; (2) whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; (3) whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; (4) whether the use of a declaratory action will result in entanglement between the federal and state court systems; (5) the convenience of the parties; and (6) the availability and relative convenience of other remedies.

In this case, application of the *Brillhart* factors provides that dismissal or a stay of the declaratory judgment action is unwarranted. "When parallel state proceedings involving the same issues and parties [are] pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *American Cas. Co. v. Krieger*, 181 F.3d 1113, 1118 (9th Cir. 1999). However, there is no presumption in favor of abstention in declaratory actions generally, nor in insurance cases specifically. *Dizol*, at 1226. Under Washington law, insurance companies have the right to determine their

ORDER - 4

obligations to their insureds prior to a judgment against their insureds.  *See Atlantic Cas. Ins. Co. v. Oregon Mut. Ins. Co.*, 137 Wn. App. 296, 306-07 (2007); *Truck Ins. Exch. v. VanPort Homes, Inc.*, 147 Wn.2d 751, 761 (2002).  Further, the federal courts routinely, in diversity and other cases, determine issues of state law.

Contrary to the assertions of Adair Homes, the federal and state proceedings are not parallel.  The state proceeding involving the insured is a personal injury and property damage action, whereas this federal action arises under contract and insurance law.  Further, Canal is not a party to the state court proceedings.  The Canal declaratory judgment action only addresses issues of insurance coverage specific to the Canal policies issued to Adair Homes that can be resolved as a matter of law.  The issues in this action are separate from the liability and factual issues in the underlying Pearson lawsuit and the coverage issues in the Atlantic Casualty lawsuit, which addresses coverage under a different, separate policy issued to GEM.

The declaratory judgment action is not dependant upon proof of facts or the outcome of the underlying litigation, but seeks to have this Court interpret and enforce the Canal policy provisions and exclusions as a matter of law.  These exclusion are the products-completed operations exclusion, the ongoing operations exclusion, and the mold or organic pathogen exclusion.  The resolution of these coverage issues may be accomplished independently of the outcome of the underlying Pearson litigation.

 Further, the relationship between Adair Homes and Canal, on the one hand, and Adair Homes and GEM and its insurer, Atlantic Casualty, are obviously different and implicate different provisions of different insurance contracts between different parties.  This declaratory judgment action is not dependant or intertwined with the Atlantic Casualty declaratory judgment action pending in state court.

ORDER - 5

The Court also disagrees with Adair Homes that the declaratory judgment action involves "novel' issues of state law.  This case involves interpretation of well-established principles of state insurance law and interpretation of clear policy language. On numerous occasions, federal district courts have interpreted insurance policies pursuant to Washington state law to determine the scope of coverage. *See, e.g.*, *Newmont USA, Ltd. v. American Home Assur. Co.*, 676 F. Supp. 2d 1146 (E.D. Wash. 2009); *Western Protectors Ins. Co. v. Shaffer*, 624 F. Supp. 2d 1292 (W.D. Wash. 2009); *Pacific Ins. Co. v. Catholic Bishop of Spokane*, 450 F. Supp. 2d 1186 (E.D. Wash. 2006).   The Washington courts have interpreted similarly worded exclusions as those at issue. See, e.g., *Goodwin v. Wright*, 100 Wn. App. 631, 6 P.3d 1 (2000) (products-completed operations exclusion); *Vandivort Constr. Co. v. Seattle Tennis Club*, 11 Wn. App. 303 (1974)(ongoing operations exclusion); *Harrison Plumbing & Heating, Inc. v. New Hampshire Insurance Group*, 37 Wn. App. 621, 626 (1984) (same).  Although there are no Washington decisions specifically addressing the mold or organic pathogen exclusion contained in the Canal policies, clear principles of Washington law regarding policy interpretation guide this Court's evaluation of the exclusion.

Accordingly, the Court finds the absence of parallel litigation and lack of novel state law issues weigh against the dismissal or stay of this action.

Additional factors favor the retention of jurisdiction.  There is no needless determination of state law claims where the same claims and parties are not present in the state court proceeding.  The state court personal injury action involves a determination of whether Adair Homes' negligence caused the Pearsons' property damage and injuries.  These issues are separate from the issues in this declaratory judgment action relating to insurance coverage.  Accordingly, resolution of the state court action will not avoid determination of state law issues in this federal court proceeding.

ORDER - 6

There is no evidence to suggest Canal engaged in improper forum shopping. When faced with the dispute with its insureds, Adair Homes, as to whether Adair Homes has coverage for the tort claim, Canal filed this declaratory judgment action, the appropriate procedure under Washington law. That the suit was filed in federal court is not indicative of forum shopping. Consideration of this factor does not warrant issuance of a stay or dismissal.

The grant of a dismissal or stay of these proceedings would not avoid duplicative or piecemeal litigation. As previously addressed, the claims presented in the declaratory judgment action are separate and distinct from the state court proceeding. Further, Canal is not a party to that action.

The Court also notes that resolution of the coverage action will serve a useful purpose in clarifying the legal relations at issue and maintaining this action will not significantly inconvenience the parties.

The underlying state court action is a tort suit to which Canal is not a party, and its obligation to provide coverage to Adair Homes is not an issue in the state court proceedings. The claims in this Court, insurance coverage, are not in the state court proceeding. These actions are not parallel proceedings and a dismissal or stay is inappropriate.

### III.  ORDER

Accordingly, it is hereby **ORDERED** that Adair Homes' Motion to Dismiss or Stay Declaratory Judgment (Dkt. 46) is **DENIED**.

DATED this 28th day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 7