UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CANAL INDEMNITY COMPANY, a foreign corporation,<br><br>Plaintiff,<br><br>v.<br><br>ADAIR HOMES, INC., a Washington corporation; DANIEL PEARSON and TAMMY PEARSON, husband and wife; and K.P., an individual child minor, through his parents, DANIEL PEARSON and TAMMY PEARSON, husband and wife,<br><br>Defendants. | Case No. C09-5561BHS<br><br>ORDER DENYING ADAIR HOMES' MOTION FOR RECONSIDERATION |

This matter comes before the Court on motion of Defendant Adair Homes, Inc. ("Adair") for reconsideration of this Court's Order Granting Canal Indemnity Company's ("Canal") Motion for Summary Judgment on Declaratory Judgment Action. Dkt. 54. The Court has considered the pleadings filed in support of and in opposition to the motion, and the remainder of the file, and **DENIES** the motion for the reasons stated herein.

Pursuant to Local Rules W.D. Wash. CR 7(h)(1), motions for reconsideration are disfavored, and will ordinarily be denied unless there is a showing of (a) manifest error in the prior ruling, or (b) facts or legal authority which could not have been brought to the

ORDER - 1

attention of the court earlier, through reasonable diligence. Adair has failed to meet either criteria.

Adair asserts that a key allegation in the homeowners' Amended Complaint provides: "The home is not water-tight and leaks. This leakage has damaged . . . personal property in the home . . . ." Dkt. 55. Adair argues that this allegation can be interpreted as alleging that the personal property of the homeowners was damaged during the course of construction, a covered event.

This possible reading of the complaint does not alter the Court's decision. The Pearson's complaint seeks damages that occurred due to construction that resulted in water intrusion, allegedly caused by improperly installed windows, doors, sheathing and siding. Adair has presented no evidence that water intrusion occurred during construction and more importantly, that Pearsons placed their personal property in the residence and that it was damaged while construction of the residence was ongoing. At this stage of the proceedings, Adair cannot simply reiterate the allegations of the Pearson complaint that suggest the possibility of coverage. In response to the motion for summary judgment, Adair must come forward with specific facts demonstrating a genuine issue of material fact that there is coverage under the Canal policies. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986). It is only where the facts necessary to determine coverage are at issue, that the insurer must maintain a defense throughout the underlying litigation. *American Best Food, Inc. v. Alea London, Ltd.*, 168 Wn.2d 398, 229 P.3d 693 (2010) (When the facts or the law affecting coverage is disputed, the insurer may defend under a reservation of rights until coverage is settled in a declaratory action.). Adair has not raised an issue material of fact. Adair has failed to raise a genuine issue of fact that the Pearsons' personal property was damaged during the course of construction. Canal Indemnity Company is therefore entitled

ORDER - 2

to summary judgment. Thus, the Court did not commit manifest error in granting summary judgment to Canal.

Accordingly, it is **ORDERED** that Adair's Motion for Reconsideration (Dkt. 55) is **DENIED.**

DATED this 25th day of August, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3